## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | |
| ANTHONY M. FARBACHER and | ) | |
| TAMMY J. FARBACHER, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## **COMPLAINT IN MORTGAGE FORECLOSURE**

The United States of America, a sovereign corporation, by and through its counsel, Cindy K. Chung, United States Attorney, in and for the Western District of Pennsylvania, and Knox McLaughlin Gornall & Sennett, P.C., private counsel to the United States of America, for its Complaint alleges:

1.      That this Court has jurisdiction under the provisions of 28 U.S.C. §1345.

2.      That the Defendant, Anthony M. Farbacher, ("Anthony") is believed to reside at 23 Simon Road, Cheswick, PA 15024.

3.      That Defendant, Tammy J. Farbacher ("Tammy") is believed to reside at 23 Simon Road, Cheswick, PA 15024.

4.      That Anthony M. Farbacher is the most current owner of record of the Real Property commonly known as 23 Simon Road, Cheswick, PA 15024 (Parcel Nos. 1217-A-00201-0000-00 and 1217-A-00209-0000-00)(the "Real Property") by deed dated March 26, 1998 filed with the Allegheny County, Pennsylvania Recorder of Deeds at Instrument No. 1998-023276.  To our best knowledge and belief, Anthony M. Farbacher is married to Tammy J. Farbacher.  A true and correct copy of the Deed transferring the the Real Property to Anthony Farbacher is attached hereto as Exhibit A, and incorporated herein by reference.

5.      That on or about April 2, 1998, the United States of America, acting through the United States Department of Agriculture, Rural Housing Service, (hereinafter "Plaintiff") lent to Anthony the sum of $80,870 bearing interest at the rate of 6.75% per annum, payable in monthly installments as evidenced by a Promissory Note (the "Note") dated April 2, 1998 executed by Anthony.  A true and correct copy of the Note is attached hereto, marked Exhibit B, and made a part hereof as if set forth in its entirety at this point.

6.      In order to secure payment of all sums due under the Note, on April 2, 1998, Anthony executed, and delivered a Mortgage for Pennsylvania (the "Mortgage") to the Plaintiff. The Mortgage further provided that upon default in the payment of any installment due under the Note, the entire indebtedness shall, at the option of the obligee, become due and payable immediately.  A true and correct of the Mortgage is attached hereto, marked Exhibit C, and made part hereof as if set forth in its entirety at this point.

7.      The Mortgage was recorded on April 6, 1998, in the Allegheny County Recorder's Office, Pennsylvania at Record Book 10167, Page 611.  A true and correct legal description of the Real Property is attached hereto as Exhibit D and incorporated herein by reference.

8.      That during the course of the loan, the Anthony's monthly mortgage payments may have been subsidized by the Plaintiff.  Pursuant to 42 U.S.C. §1490(a) and the Mortgage, any subsidy received by the Defendant, is subject to recapture upon disposition of the property. The amount of the subsidy, if any, that may be due, if any, is set forth in the due and owing paragraph of this Complaint.  A true and correct copy of the Subsidy Repayment Agreement dated April 2, 1998 is attached hereto as Exhibit E and made a part hereof.

9.     On October 15, 2015, Tammy signed a Mortgage Assumption agreement, wherein she agreed to abide by the terms of the Note.  Furthermore, the Mortgage Assumption Agreement did not release Anthony or in any way modify or change the mortgage.  Please see a copy of the Mortgage Assumption agreement attached hereto as Exhibit F, and incorporated herein by reference.

10.     That Tammy and Anthony are in default under the Note and Mortgage for failing to make payment to Plaintiff when due pursuant to the Note and Mortgage. As a result of this default, Plaintiff accelerated the balance due under the Note and Mortgage. Tammy and Anthony have failed to pay Plaintiff the accelerated balance.

11.     Plaintiff sent to Defendant an Act 6/91 Notice of Intention to Foreclose and a Notice of the availability of home mortgage assistance required under Pennsylvania law, dated August 20, 2019, by regular and certified mail to their last known address and the address of the subject property.  A true and correct copy of the aforesaid Notice is attached hereto, marked Exhibit G and incorporated herein by reference.

12.     That the Plaintiff is the owner and holder of the Note and Mortgage.

13.     The accelerated balance presently due to Plaintiff under the Note is as follows:

| | | |
|---|---|---|
| (a) Principal | $ | 99,553.32 |
| (b) Interest through 7/22/22 | | 41,829.01 |
| (c) Late charges | | 83.45 |
| (d) Escrow | | 0.00 |
| (e) Fees Assessed | | 26,829.99 |
| (f) Interest Charged of Fees Assessed | | 4,741.50 |
| (g) Subsidy | | 12,537.43 |
| (h) Attorney's fees (est.) | | 2,000.00 |
| (i) Costs | | to be added |
| | $ | |
| Total due | | 187,574.70 |

together with interest at 6.75% per annum to the date of judgment (per diem - $18.4105), plus interest from the date of judgment at the legal rate, reasonable attorney's fees and collection costs.

14.     That Plaintiff is entitled to collect its reasonable attorney's fees, which will amount to $2,000.00 and any increase depending on the extent of litigation required.

15.     No other action has been brought at law or in equity, to enforce the provisions of the aforesaid Note and Mortgage, and all conditions precedent to the bringing of the action have been performed or have occurred.

16.     Plaintiff's lien is prior and superior to any other lien or claim against the Property.

17.     As a result of the existing and continuing default, Plaintiff is entitled to foreclose Defendants' interests in the Real Property and to cause the Property to be exposed to Marshal's Sale.

WHEREFORE, Plaintiff respectfully prays for a judgment in mortgage foreclosure against the Defendants, Anthony M. Farbacher and Tammy J. Farbacher, in the amount of the accelerated balance set forth above, together with reasonable attorney's fees and costs of this suit, and for a judicial sale of the Real Property and that Defendant and every person whose conveyance or encumberance is subsequent or subsequently recorded be forever barred and foreclosed of all rights, claims, liens, and equity at redemption in the mortgaged premises and that Plaintiff be granted such other relief as is necessary and just.

Dated at Erie, Pennsylvania, this 18th day of March, 2023.

Respectfully submitted,

UNITED STATES OF AMERICA
ERIC G. OLSHAN, U.S. ATTORNEY
WESTERN DISTRICT OF PENNSYLVANIA

BY:  */s/ Mark G. Claypool*
Mark G. Claypool, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800
Private Counsel to the
United States of America

5